UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETILLO, JR., CDCR #AU-5662,<br><br>         Plaintiff,<br><br>vs.<br><br>FRANCISCO ARMENTA, RJD Warden; COVELL, RJD Warden; POLLARD, RJD WARDEN; VENDER SMITH, Captain Lieutenant,<br><br>         Defendants. | Case No. 24-CV-147 JLS (MSB)<br><br>**ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 2, 7) |

  Plaintiff Dennis Petillo, Jr., a state prisoner currently incarcerated at California State Prison – Sacramento ("SAC") and proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. His Complaint ("Compl.," ECF No. 1) is accompanied by several supplemental documents, exhibits, and two Motions to Proceed *In Forma Pauperis* ("IFP Mots.," ECF Nos. 2, 7) brought pursuant to 28 U.S.C. § 1915(a). Petillo's Complaint is difficult to read, but—as far as the Court can tell—he alleges three wardens and a captain or lieutenant at Richard J. Donovan Correctional Facility ("RJD") in San Diego engaged in a terrorist and racist plot to have him murdered while he was incarcerated there in 2020. *See* Compl. at 2–3, 7.

**LEGAL STANDARD**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed *in forma pauperis* ("IFP") must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP when:

> [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim," *King*, 398 F.3d at 1116 n.1 (first alteration in original), "even if the district court styles such dismissal as [a] denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

## DISCUSSION

**I.     Plaintiff's Prior "Strikes"**

While defendants typically carry the initial burden of producing evidence to demonstrate that a prisoner is not entitled to proceed IFP, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *King*, 398 F.3d at 1120. That is the case here.

Courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (quoting *Kipp v. Davis*, 971 F.3d 939, 945 n.2 (9th Cir. 2020)). Based on a review of its own dockets and other court proceedings publicly available on PACER, the Court finds that Plaintiff, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #AU-5662, while incarcerated, has had six prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)  *Petillo v. Federal Bureau of Investigation*, Civil Case No. 2:20-cv-07900-JFW-MAA (C.D. Cal. Sept. 30, 2020) (Order Adopting Findings and Recommendation Denying Request to Proceed IFP on the grounds that Complaint is Frivolous) (ECF No. 10) (strike one);

(2)  *Petillo v. CDCR, et al.*, Civil Case No. 2:20-cv-11004-JFW-MAA (C.D. Cal. Jan. 6, 2021) (Order Adopting Findings and Recommendation Denying Request to Proceed IFP on the grounds that Complaint Fails to State a Claim) (ECF No. 6) (strike two);

(3) *Petillo v. Zuniga*, Civil Case No. 2:21-cv-00535-JFW-MAA (C.D. Cal. Jan. 21, 2021) (Order Adopting Findings and Recommendation Denying Request to Proceed IFP on the grounds that Complaint is Frivolous and Fails to State a Claim) (ECF No. 4) (strike three);

(4) *Petillo v. Los Angeles Police Dep't, et al.*, Civil Case No. 2:20-cv-11656-JFW-MAA (C.D. Cal. Jan. 27, 2021) (Order Adopting Findings and Recommendation Denying Request to Proceed IFP on the grounds that Complaint Fails to State a Claim) (ECF No. 6) (strike four);

(5) *Petillo v. Morales*, Civil Case No. 2:21-cv-07180-JFW-MAA (C.D. Cal. Sept. 10, 2021) (Order Adopting Findings and Recommendation Denying Request to Proceed IFP on the grounds that Complaint is Frivolous and Fails to State a Claim) (ECF No. 4) (strike five); and

(6) *Petillo v. Monique, et al.*, Civil Case No. 2:21-cv-01996-KJM-CKD (E.D. Cal. Jan. 21, 2021) (Order Adopting Findings and Recommendation Dismissing Action for Failing to State a Claim[1]) (ECF No. 4) (strike six).

Because Petillo has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA.

## II.     Imminent Danger of Serious Physical Injury

To meet § 1915(g)'s exception, Plaintiff's pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055. "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *id.* at 1056 (citation omitted), and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm," *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

///

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity[y] to amend.").

|   |   |
|---|---|
| 1 | Plaintiff is currently incarcerated at SAC and his Complaint does not contain any |
| 2 | coherent or plausible allegations to suggest he was in "imminent danger" at the time he |
| 3 | filed it. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff |
| 4 | appears to claim RJD officials "manipulated[d] the system," engaged in a racist and |
| 5 | terrorist plot, and "conspire[ed] to have [him] murdered" sometime in 2020 before he was |
| 6 | transferred to SAC. *See* Compl. at 3, 7–8. These types of "overly speculative," "fanciful," |
| 7 | "ridiculous," and facially delusional assertions do not warrant an exception under |
| 8 | § 1915(g). *Cervantes*, 493 F.3d at 1057 n.11; *see also Holz v. McFadden*, |
| 9 | 2010 WL 3069745, at *3 (C.D. Cal. May 21, 2010) ("[M]erely alleging that the |
| 10 | government is going to murder you is not enough to pass through the [imminent danger] |
| 11 | gateway . . . ."); *In re Gonzales*, 2008 WL 666465, at *1–2 (N.D. Cal. March 6, 2008) |
| 12 | (finding prisoner's allegations of genetic experimentation, food poisoning, radiation, |
| 13 | governmental monitoring, and a "campaign to kill him" too implausible and delusional to |
| 14 | meet § 1915(g)'s exception for imminent danger); *Sierra v. Woodford*, 2010 WL 1657493, |
| 15 | at *2–3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding |
| 16 | a cycle of violence, and vague references to motives to harm" insufficient to show plaintiff |
| 17 | faced an "ongoing danger"). |
| 18 | "The right to proceed [IFP] is not an unqualified one. It is a privilege, rather than a |
| 19 | right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citation omitted). |
| 20 | Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes |
| 21 | prisoners with a history of abusing the legal system from continuing to abuse it while |
| 22 | enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Because Petillo's litigation history |
| 23 | shows he is one of those prisoners, and he does not plausibly allege to have been in |
| 24 | "imminent danger of serious physical injury" at the time he filed his Complaint, he is not |
| 25 | entitled to proceed IFP in this action. *See Cervantes,* 493 F.3d at 1055. |
| 26 | **CONCLUSION** |
| 27 | For the reasons above, the Court: (1) **DENIES** Plaintiff's IFP Motions (ECF |
| 28 | Nos. 2, 7) as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without |

1 prejudice based on Plaintiff's failure to pay the full $405 statutory and administrative civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: February 8, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge